**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

ANNA M. ALFONSO, ET AL.                                      **PLAINTIFFS**

**VERSUS**                          **CIVIL ACTION NO. 1:09cv332HSO-JMR**

DIAMONDHEAD FIRE PROTECTION DIST., ET AL.              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER REMANDING CASE**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

BEFORE THE COURT is the Motion of Defendant John Cleveland
["Cleveland"] for Summary Judgment, filed on or about October 6, 2009 [4-1], in the
above captioned cause.  Plaintiffs filed a Response on November 6, 2009 [33], and
Defendants a Rebuttal on November 8, 2009 [35-1].  After consideration of the
submissions, the record in this case, and the relevant legal authorities, and for the
reasons discussed below, the Court finds that it lacks subject matter jurisdiction;
therefore, the case must be remanded to the Circuit Court of Hancock County.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs filed the present case on May 5, 2009, in the Circuit Court of
Hancock County, Mississippi, asserting a claim under 42 U.S.C. § 1983 and
numerous claims grounded in tort for fees and/or taxes levied and collected by
Defendants.  *See* Compl., attached as Ex. "2" to Notice of Removal.  Plaintiffs seek
monetary damages, specific performance, and declaratory relief.  The gravamen of
Plaintiffs' Complaint is a request to recoup the fees paid and declare them void.
Plaintiffs, who are residents of Diamondhead, Mississippi, have named as

Defendants the Diamondhead Fire Protection District ["DFPD"], and both present and former Commissioners of the DFPD.

Plaintiffs maintain that "no statute exists empowering a fire protection district to obtain funding by way of dues or fees-except that it may charge fees for services rendered." *See* Third Am. Compl. ¶ XXIII, at p. 8.

> Section 19-5-175 of the Mississippi Code allows for the creation of a Fire Protection District and allows the district the 'powers necessary and requisite for the accomplishment of the purpose for which such district is created'; however, that power does not include assessing property owners monthly dues for fire protection.

*Id.* ¶ XXI, at pp. 7-8 (*quoting* Miss. Code. Ann. §19-5-175).

Plaintiffs' Complaint also refers to "[s]ection 19-5-189 of the Mississippi Code entitled 'Tax Levies' which provides the vehicle for the District to obtain funding from Hancock County by receiving 4 mills of County Ad Valorem taxes." *Id.* ¶ XXII, at p. 8. Plaintiffs rely on a Mississippi Attorney General Opinion for their "position that the action of assessing fees by the Diamondhead Fire Protection District is an illegal tax." *See* Pls. Mem. in Opp. to Mot. of Summ. J. at p. 3; *see also* Op. Att'y Gen. 0520, 2005 WL 3817032 ("this does not authorize the fire district to levy rates and charges in anticipation of rendering services. To do so would amount to the levying of an unlawful tax").

Defendants filed a Notice of Removal in this Court on June 1, 2009, pursuant to 28 U.S.C. § 1441(b), asserting federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal, at pp. 2-4. As grounds for removal, Defendants state that

"Plaintiffs have asserted a claim against the Defendants pursuant to 42 U.S.C. § 1983 which invokes questions of federal law." *Id.* Defendant Jack Cleveland now seeks Summary Judgment.

## II. <u>DISCUSSION</u>

A.    *The Court's Subject Matter Jurisdiction*

Section 1441 of Title 28 of the United States Code provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *See Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are strictly construed. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). "Federalism concerns animate the rule requiring strict construction of removal statutes. Removal involuntarily wrests away cases within a state court's jurisdiction and deposits them in federal court." *Beiser v. Weyler,* 284 F.3d 665, 674 (5th Cir. 2002). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy*, 855 F.2d at 1164). The party seeking removal bears the burden of establishing federal jurisdiction over the state court suit. *See Atlas Global Group, L.P. v. Grupo Dataflux,* 312 F.3d 168, 176 (5th Cir. 2002) (Garza, J., dissenting); *Willy*, 855 F.2d at 1164; *Jones v. Belhaven College* 334 F. Supp.

2d 916, 920 (S.D. Miss. 2004)(*citing Manguno v. Prudential Property and Casualty Insurance Company,* 276 F.3d 720, 723 (5th Cir. 2002)).

Federal courts must raise the question of subject matter jurisdiction, *sua sponte,* if it is not addressed by the parties. *See Stockman v. Federal Election Comm.,* 138 F.3d 144, 151 (5th Cir. 1998); *Matter of Kutner,* 656 F.2d 1107, 1110 (5th Cir. 1981); 13 CHARLES WRIGHT & ARTHUR MILLER, *Federal Practice and Procedure* § 3522 (1984). "[J]urisdiction goes to the core of the court's power to act, not merely to the rights of the particular parties. If jurisdiction could be waived or created by the parties, litigants would be able to expand federal jurisdiction by action, agreement, or their failure to perceive a jurisdictional defect." *Giannakos v. M/V Bravo Trader,* 762 F.2d 1295, 1297 (5th Cir. 1985). "[W]hatever route a case arrives in federal court, it is the obligation of both the district court and counsel to be alert to jurisdictional requirements. . . . [t]hat obligation is equally applicable to cases initially filed in federal court and cases removed from state court to federal court." *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 593 (2004).

B.    *The Tax Injunction Act*

The Tax Injunction Act provides that:

> [t]he district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the court of such State.

28 U.S.C. § 1341.

This Act

> bars federal district courts from granting declaratory as well as injunctive relief in cases challenging state tax systems. . . . Further, 'taxpayers are barred by the principles of comity from asserting § 1983 actions against the validity of state tax systems in federal court.' *Fair Assessment in Real Estate Ass'n. v. McNary,* 454 U.S. 100, 116 (1981). *Therefore, the Tax Injunction Act bars the district court from asserting jurisdiction unless the State fails to supply a plain, speedy and efficient remedy for the taxpayers' claim.*

*Smith v. Travis County Educ. Dist.*, 968 F.2d 453, 455-56 (5th Cir. 1992)(emphasis added)(internal citations omitted). "State court remedies are plain, speedy and efficient within the meaning of the Tax Injunction Act if they provide taxpayers a procedural vehicle that affords them the opportunity to raise their federal constitutional claims." *Home Builders Assn. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1012 (5th Cir. 1998); *see also Smith,* 968 F.2d at 456. An adequate remedy exists when taxpayers are afforded the opportunity for a complete judicial determination that is ultimately reviewable by the United States Supreme Court. *Home Builders Assn. of Mississippi, Inc.,* 143 F.3d at 1012.

In the present case, there can be little doubt that such adequate remedies exist. Defendants filed their Notice of Removal based on Plaintiffs' claims brought pursuant to 42 U.S.C. § 1983. *See* Notice of Removal, at pp. 2-4. However, Mississippi courts often consider and resolve claims brought pursuant to 42 U.S.C. § 1983. The Court finds that, based upon the record before it, the Section 1983 claims are inextricably intertwined with the question of the lawfulness of the fee assessment or alleged unlawful tax. As discussed earlier, the law is clear that Plaintiffs, as taxpayers, are "barred from asserting § 1983 actions against the validity of state tax systems in

federal court." *Fair Assessment in Real Estate Ass'n. v. McNary,* 454 U.S. 100, 116 (1981). Defendants bear the burden of establishing federal jurisdiction by demonstrating that a "plain, speedy and efficient" remedy does not exist in the state court in order for jurisdiction to lie in this Court. *See Smith,* 968 F.2d at 456; *see also Hibbs v. Winn,* 542 U.S. 88, 90 (2004); *Rosenstein v. Bexar County,* 1998 WL 1782552, *1 (W.D. Tex. 1998). The Court concludes that in light of the record, the Tax Injunction Act, and other relevant law, Defendants have not carried this burden.

### III. CONCLUSION

For the reasons stated more fully herein, the Court finds that it lacks federal question jurisdiction over this matter. Remand to state court is required.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the above-captioned cause is hereby dismissed from this Court pursuant to 28 U.S.C. §1341, and remanded to the Circuit Court of Hancock County, Mississippi. A certified copy of this Order shall be immediately mailed by the Clerk to the clerk of the State court pursuant to 28 U.S.C. § 1447(c).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, all remaining pending motions are hereby rendered **MOOT**.

**SO ORDERED AND ADJUDGED,** this the 28th day of April, 2010.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE